11-2698-ag
Li v. Holder

BIA
Weisel, IJ
A089 198 097

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand thirteen.

PRESENT:
>       JON O. NEWMAN,
>       REENA RAGGI,
>       PETER W. HALL,
>             *Circuit Judges*.

_____

YING LI, AKA LIAN JI PIAO,
>       *Petitioner*,

>       v.                                    11-2698
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Richard M. Evans, Assistant Director;
                       Benjamin J. Zeitlin, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Li, a native and citizen of the People's Republic of China, seeks review of a June 6, 2011, decision of the BIA affirming the June 3, 2009, decision of Immigration Judge ("IJ") Robert D. Weisel denying her application for asylum and withholding of removal. *In re Ying Li*, No. A089 198 097 (B.I.A. June 6, 2011), aff'g No. A089 198 097 (Immig. Ct. N.Y. City June 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam).

## I. Adverse Credibility Determination/Past Persecution

For asylum applications, like Li's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her or her witness's statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Li did not testify credibly regarding her claims that she was imprisoned in China because she assisted North Korean refugees. The agency reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. As the agency noted, Li's testimony regarding the birth date of her daughter and the length of her prison term in China was inconsistent with her asylum application and statement in support. These inconsistencies provide substantial support for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that the agency may base a

2

credibility determination on inconsistencies between the applicants statements, and "the consistency of such statements with other evidence of record").

Li argues that the agency's adverse credibility finding was not supported by the record because the IJ did not give Li sufficient opportunity to explain the inconsistencies. The record, however, reflects that, during Li's testimony, she was questioned regarding each inconsistency identified by the agency and given an opportunity to respond. Further, the agency reasonably rejected Li's explanations, as she failed to explain either inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that an agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

Li argues that the agency erred in relying on her lack of corroboration as a basis for its adverse credibility finding. However, an applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Thus, the agency reasonably concluded that, in light of Li's lack of credibility, her failure to offer affidavits from her daughter or husband in support of her claim that she was imprisoned in China further damaged her credibility. Given the inconsistencies in the record and in light of Li's failure to corroborate her claims, the agency's adverse credibility determination regarding Li's claim that she suffered past persecution in China was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64 (explaining that this Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling").

3

## II. Burden of Proof/Well-Founded Fear of Future Persecution

Substantial evidence also supports the agency's conclusion that Li failed to demonstrate a well-founded fear of future persecution. When an alien seeks relief on the basis of activities that occurred in the United States, she "must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)(per curiam). Although Li offered evidence that she had participated in a human rights organization in the United States, she offered no evidence that the authorities in China were aware, or were likely to become aware, of her activities in the United States. Absent "solid support" in the record that her fear is objectively reasonable, Li's claim that she fears future persecution is "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005)(per curiam). Accordingly, the agency did not err in denying asylum and withholding of removal insofar as those claims were based on her imprisonment in China or her involvement in human rights organizations in the United States. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's motion for a stay of removal in this petition is DENIED moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4